RIVERA, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama, inscribiendo con defectos subsanables un expediente de dominio.

No. 375.—Resuelto en julio 23, 1918.

EXPEDIENTE DE DOMINIO—ESTADO CIVIL DEL PROMOVENTE.—En un expediente de dominio es preciso consignar el estado civil del promovente en la época de la adquisición y no basta la expresión del estado en que se encontrare al presentarse el escrito inicial.

BIENES GANANCIALES—INSCRIPCIÓN.—Para que una finca tenga el carácter de bien ganancial y en tal concepto proceda su inscripción, es necesario demostrar de algún modo que el promovente estaba casado con su actual esposa en la fecha de la adquisición de la finca, pues no existe presunción de que uno que está casado hoy con determinada persona lo estuviera con la misma en cierta fecha del pasado.

DEFECTO SUBSANABLE—LEY NO. 20 DE MARZO 11, 1918.—Está bien consignado en el presente caso el defecto subsanable de no ser firme la resolución aprobatoria del expediente de dominio, sin que importe nada el hecho de que el Secretario de la Corte de Distrito de Guayama exprese que la resolución es firme por mandato de la ley, pues esa no es función de su incumbencia y debió haberse limitado a certificar sobre hechos sin entrar en cuestiones de derecho. La Ley No. 20 aprobada en 11 de marzo de 1918 empezó a regir a los noventa días de su aprobación y no puede afectar a una resolución dictada antes de empezar a regir.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Manuel A. Rivera.*

El registrador recurrido, Sr. Pedro Gómez Laserre, compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En expediente promovido ante la Corte de Distrito de Guayama por Francisco Rivera y Torres, casado con Carmen Hernández, para acreditar el dominio de cierta finca rústica radicada en el barrio de Asomante, término municipal de Aibonito, dicha corte dictó resolución en 6 de junio de 1918 declarando justificado el dominio a favor del promovente y ordenando su inscripción en el registro de la propiedad, previa copia certificada de la resolución que a su tiempo se le

expediría. La certificación aludida fué expedida en 11 de junio citado por el secretario de la corte, quien hizo constar en ella que la sentencia era firme por mandato de la ley; y habiendo sido presentada al registro en 14 de junio, el registrador verificó la inscripción en 17 de junio ''con el defecto subsanable de no acreditarse el estado civil del promovente al hacerse la adquisición de la finca y de no ser firme la resolución.''

Esa nota ha sido recurrida por Francisco Rivera y Torres y está sometida a nuestra consideración, alegando el recurrente que no existen los defectos subsanables en ella apuntados.

Ciertamente que en el caso de *Ramos* v. *El Registrador de la Propiedad,* 16 D. P. R. 60, revocó esta Corte Suprema nota de dicho registrador denegatoria de inscripción de una sentencia de dominio por no resultar si el promovente adquirió la finca en constante matrimonio o en estado de soltería y no expresarse en el primer caso el nombre de la esposa; pero al dictar resolución análoga en caso posterior de *Vega* v. *El Registrador de San Germán,* 23 D. P. R. 799, hicimos constar que a nuestro juicio convenía a las partes interesadas adoptar el criterio del registrador expresando en el título el nombre del consorte del promovente para mayor claridad y en evitación de dificultades en las transacciones futuras, pues inscrita una finca a favor de una persona casada sin que constara por alguno de los medios reconocidos en derecho que se trata de un bien privativo se presume ganancial. Invocamos entonces en apoyo de la anterior doctrina nuestras resoluciones en los casos de *Ortiz* v. *El Registrador de San Germán,* 23 D. P. R. 702 y *Delgado* v. *El Registrador de San Germán,* 23 D. P. R. 704.

En el caso de *Ramos* v. *El Registrador de Caguas,* 18 D. P. R. 16, decidimos, confirmando resolución de dicho registrador, que no era inscribible un expediente de dominio en que no constaba el estado civil del promovente en el

momento de la adquisición, si bien aclaráramos que no era preciso que tal estado constara necesariamente del mismo expediente, pues podía acreditarse por medio de prueba procedente en derecho.

Y últimamente en el caso de *de Jesús* v. *El Registrador de San Juan, Sección 1a.,* 24 D. P. R. 621, encontramos ajustada a derecho la nota, expresándonos en los siguientes términos:

"Según aparece de la resolución de la Corte de Distrito de San Juan, Sección 1ª., que dejamos transcrita, Pía de Jesús alegó en el escrito inicial del expediente de dominio ser de estado viuda * * * pero aquella resolución no muestra que la peticionaria fuera soltera, casada o viuda cuando hizo las adquisiciones de dichas fincas, y esa expresión de su estado tiene que ser consignada en la inscripción por ser una circunstancia particular conveniente al caso y afectar indiscutiblemente a la eficacia del derecho de dominio declarado por la resolución. Artículos 77 y 440 del Reglamento para la Ejecución de la Ley Hipotecaria. Las consecuencias legales en cuanto a las adquisiciones que se dicen hechas por título oneroso tienen que ser distintas según que se hicieran por Pía de Jesús siendo soltera, viuda o casada. En los dos primeros casos adquiriría exclusivamente para sí, y en el tercero para la sociedad de gananciales, a no ser que adquiriera con recursos de su privativa pertenencia."

Contrayéndonos al presente caso opinamos que aunque Francisco Rivera y Torres manifestara en el escrito inicial del expediente que entonces estaba casado con Carmen Hernández, no aparece que al verificar la adquisición fuera casado, soltero o viudo y en el primer caso cuál fuera su esposa, la que podía ser persona distinta de Carmen Hernández. Indudablemente que si entonces estaba casado con ésta la adquisición se hizo para la sociedad de gananciales que constituyó con ella, pero si estaba soltero o viudo la adquisición fué en beneficio propio, y si estaba casado con persona distinta de Carmen Hernández la adquisición no se hizo para la sociedad de gananciales que con ésta constituyó sino para otra sociedad de gananciales compuesta de consortes distintos y entonces la finca en cuestión sería del do-

minio de Francisco Rivera y de los herederos de su primera esposa.

Para que la finca de que se trata tuviera el carácter de bien ganancial de Francisco Rivera y Carmen Hernández según alega la parte recurrente con el fin de justificar la procedencia de la inscripción, puesto que no pretendía que ésta se verificara a favor del primero exclusivamente era necesario demostrar de algún modo que Rivera estaba casado con su actual esposa en la fecha de la adquisición de la finca pues no existe presunción de que uno que hoy está casado con determinada persona lo estuviera con la misma en cierta fecha del pasado. Si Rivera estaba casado con la Hernández en la fecha de la adquisición, el defecto subsanable apuntado es susceptible de ser subsanado fácilmente según dijimos en el caso *supra* de *Delgado* v. *El Registrador de San Germán.*

Por lo que toca al otro defecto subsanable de no ser firme la resolución aprobatoria del expediente de dominio, también existe, y así lo hemos resuelto en los casos de *Soto* v. *El Registrador de la Propiedad,* 15 D. P. R. 611, *Martínez* v. *El Registrador de la Propiedad,* 16 D. P. R. 273, y *Porto Rican Leaf Tobacco Co.* v. *El Registrador de la Propiedad,* 17 D. P. R. 228.

No importa que el secretario de la corte de Guayama hiciera constar en su certificación que la resolución era firme por mandato de la ley, pues no era esa función de su incumbencia y debió haberse limitado a certificar sobre hechos sin entrar en cuestiones de derecho.

Tampoco favorece al apelante la Ley No. 20 aprobada en 11 de marzo de 1918, expresiva de que en todos los expedientes *ex parte* que se tramiten ante las cortes de distrito y en los cuales no se hubiere formulado oposición o impugnación en alguna forma, la resolución final que se dicte aprobando el expediente se considerará firme desde el momento en que se dicte. Esa ley empezó a regir a los noventa días de su aprobación y no puede por tanto afectar a una reso-

lución dictada en 6 de junio de 1918 en cuya fecha fué aprobado el expediente de dominio.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.