MANGUAL, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una declaración de dominio.

No. 445.—Resuelto en diciembre 15, 1919.

EXPEDIENTE DE DOMINIO—ESTADO CIVIL DEL PROMOVENTE AL VERIFICAR LA ADQUI-
SICIÓN—INSCRIPCIÓN.—No es defecto que impida la inscripción en el registro de la propiedad, de una sentencia declaratoria de dominio, la falta de expresión del estado civil del promovente al verificarse la adquisición del inmueble pues dicha falta constituye solamente un defecto subsanable.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador recurrido, Sr. Pedro Gómez Lasserre, compareció por escrito.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Ante la Corte de Distrito de Humacao Demetrio Mangual Jiménez casado con Benita Vergara promovió expediente para justificar el dominio de una finca con cabida de treinta y seis cuerdas 50 centavos, situada en el barrio "Turabo" del término municipal de Caguas. La expresada corte declaró justificado el dominio de la finca por resolución de 23 de abril de 1918, ordenando su inscripción en el Registro de la Propiedad de Caguas a favor de Demetrio Mangual Jiménez y el registrador denegó la inscripción en cuatro de noviembre del corriente año por el fundamento de no aparecer consignado en la resolución ni haberse acreditado mediante prueba procedente en derecho el estado civil que tenía Mangual Jiménez cuando adquirió la finca.

La anterior calificación ha sido recurrida para ante esta Corte Suprema.

La resolución de la Corte de Distrito de Humacao muestra que Demetrio Mangual Jiménez estaba casado con Benita Vergara en la fecha en que promovió el expediente de dominio y que adquirió por título de compra las distintas parcelas de terreno que integran dicha finca, sin que se exprese ciertamente cuál fuera su estado en las distintas fecha en que hizo las adquisiciones.

La cuestión legal envuelta en el recurso ha sido ya anteriormente considerada y decidida por esta Corte Suprema, la que al resolver el caso de *Ramos* v. *El Registrador de la Propiedad de San Juan, Sección Primera,* 16, D. P. R. 60, resolvió que era inscribible una sentencia en la que no constaba cuál fuera el estado del promovente en la fecha de la adquisición de la finca, y en caso posterior de Vega contra el Registrador de San Germán, 23 D. P. R. 799, reprodujo igual resolución.

No es, pues, defecto que impida la inscripción en el registro de una sentencia declaratoria de dominio la falta de expresión del estado civil del promovente al verificar su adquisición; pero esa falta constituye un defecto subsanable como así lo resolvió esta corte en el caso de Rivera contra

el Registrador de la Propiedad de Guayama, 26 D. P. R. 625.

Es de revocarse la nota recurrida ordenándose la inscripción denegada aunque con el defecto subsanable de ño constar el estado civil de Demetrio Mangual Jiménez en la fecha en que adquirió la finca.

> *Revocada la nota recurrida y ordenada la inscripción con el defecto subsanable de no constar el estado civil del promovente en la fecha de la adquisición.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.