BANCO DE SAN GERMÁN, RECURRENTE, v. EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán en un procedimiento de embargo.

No. 549.—Resuelto en noviembre 13, 1922.

EMBARGO PARA ASEGURAMIENTO DE SENTENCIA — ANOTACIÓN DE EMBARGO — DEFECTO SUBSANABLE.—Constituye defecto subsanable el no insertar en la orden de embargo o acompañar con ésta, como dispone el artículo 72 de la Ley Hipotecaria en relación con el 97 de su reglamento, el documento o documentos en que conste la causa que ha originado el embargo; y cuando, como en el caso presente, el embargo se decrete previa la prestación de una fianza, de acuerdo con la Ley de Aseguramiento de Sentencias, porque la obligación que va a garantizar no consta en documento auténtico, entonces deberá presentarse en el registro la demanda por ser ésta el documento en que consta la causa que motiva la órden de embargo.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. B. Forés.

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En pleito seguido por el Banco de San Germán contra Demetrio Irizarry Basora, a instancia del demandante la Corte Municipal de San Germán decretó, exigiendo fianza, el aseguramiento de bienes del demandado. El secretario de la corte libró mandamiento al marshal para que practicara el embargo y habiendo sido trabado en bienes inmuebles lo comunicó al Registrador de la Propiedad de San Germán para que lo anotara, lo que éste hizo pero consignando el defecto subsa-

nable de "no haberse insertado en el mandamiento ni acompañarse por separado el documento o documentos que motivaron dicha anotación," El Banco de San Germán entiende que no existe tal defecto subsanable e interpuso este recurso gubernativo con el fin de que hagamos esa declaración.

Dispone el artículo 72 de la Ley Hipotecaria que las anotaciones preventivas que deban su origen a procedimiento de embargo o secuestro expresarán la causa que haya dado lugar a ellas, y el importe de la obligación que las hubiere originado; y dice el primer párrafo del artículo 97 de su reglamento que "Toda anotación preventiva que no pueda hacerse sino por providencia judicial, se verificará en virtud de la presentación en el registro de mandamiento del juez o tribunal, en el que se insertará literalmente el particular de la providencia en que se haya dictado, su fecha y el documento o documentos que hayan motivado dicha anotación."

De acuerdo con esos preceptos debe presentarse en el registro el documento o documentos en que conste la causa que ha originado la orden de embargo y cuando, como en el caso presente, el embargo se decrete previa la prestación de una fianza, de acuerdo con la ley de aseguramiento de sentencias, porque la obligación que va a garantizar no consta en documento auténtico, entonces deberá presentarse en el registro la demanda por ser ésta el documento en que consta la causa que motiva la orden de embargo. Así lo hemos resuelto en el caso de *Luce & Co., S. en C.,* v. *Registrador de Guayama,* 28 D. P. R. 968.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.