PEDRO BERMÚDEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Número 1288.
*Sometido:* 1 de Octubre de 1952.   *Resuelto:* 4 de Diciembre de 1952.

---

[6] La situación es distinta si el abogado estaba en estado de embriaguez. *State* v. *Keller*, 223 N.W. 698.

*José Sabater,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

En la sección de Mayagüez del extinto Tribunal de Distrito de Puerto Rico Pedro Bermúdez, casado con Elvira Torrellas, radicó demanda de cancelación de título inscrito contradictorio al del demandante e inscripción del título de éste. Formuló su acción contra un grupo de demandados que tenían un título inscrito sobre cuatro fincas (dos de ellas en cuanto a condominios) localizadas en el término municipal de Mayagüez, y todos los demandados fueron notificados, unos personalmente y otros por edictos. Ninguno de ellos compareció y después de considerar la prueba del demandante el tribunal de Mayagüez dictó sentencia en rebeldía, declarando que el demandante era, y es, el dueño y estaba en la posesión material como tal, de los bienes descritos en la demanda y decretando y ordenando al Registrador de la Propiedad que las inscripciones de los títulos que aparecían en el Registro de la Propiedad a favor de los demandados fuesen cancelados y que se inscribiesen las fincas en favor del demandante.

Se expidió el mandamiento correspondiente dirigido al Registrador de la Propiedad de Mayagüez y éste actuó según consta de la siguiente nota:

"Tomada razón de la cancelación por nota al margen de la finca 1064.⁴, al folio 244 vto. del tomo 185 de esta ciudad, y en cuanto a la inscripción del título del dominio contradictorio que comprende DENEGADO el documento que precede, con vista de otro, en cuanto a las fincas letras (c) y (d) que comprende, por no aparecer del texto de la resolución o sentencia que se haya cumplido con todos los requisitos del artículo 395 de la Ley Hipotecaria, entre ellos los siguientes: (1) no consta que se citara del procedimiento al inmediato anterior dueño; (2) no consta que se citara del procedimiento al fiscal del Tribunal de Distrito, Sección de Mayagüez; (3) no se publicaron edictos por el término de 60 días para convocar a las personas ignoradas a quienes pudiera perjudicar la inscripción solicitada; (4) no se expresa el valor de las fincas; (5) no se expresa el

estado de cargas o gravámenes de la propiedad; y en cuanto a la finca letra (*d*), además, porque no se establece la cadena de títulos por el término mínimo de 10 años; practicándose además dichas anotaciones con el defecto subsanable de no expresarse el estado civil del demandante Pedro Bermúdez cuando adquirió las fincas, todo a los folios 143 y 152 del tomo 377 de esta Ciudad, fincas 11,299 y 11,300, anotaciones A. y A. Mayagüez, mayo 29 de 1952."

El demandante Pedro Bermúdez ha interpuesto ante este Tribunal un recurso gubernativo en que impugna la nota ya transcrita.

Tal como lo admite el propio Registrador recurrido en su bien elaborado alegato, es válida la sentencia en cuanto a la cancelación de los títulos de los demandados, ya que, de existir asientos en el Registro contradictorios al título de un reclamante, la acción ordinaria o plenaria de cancelación de títulos inscritos constituye un procedimiento necesario y más adecuado que un expediente de dominio, siendo preferible a este último, ya que la acción ordinaria ofrece mayores garantías a los que tienen a su favor títulos inscritos en el Registro. 5 Morell, Legislación Hipotecaria, 571, 574, 575, 2a. ed.; Barrachina, Derecho Hipotecario, Vol. 1, pág. 174, Vol. 4, pág. 322; Roca Sastre, Derecho Hipotecario, Vol. 3, pág. 681. Precisamente, no procede la inscripción de una providencia judicial aprobatoria de un expediente de dominio cuando existe un asiento contradictorio cuyo titular, habiendo sido citado, no ha consentido a la cancelación ni ha sido vencido en juicio, en una acción ordinaria, que es necesaria a tal efecto. *Benítez* v. *Registrador*, 71 D.P.R. 563; *Rodríguez* v. *Registrador*, 65 D.P.R. 653.

Empero, lo que alega el Registrador es que, aun si él está obligado a obedecer aquella parte de la sentencia que le ordena a cancelar las inscripciones de los títulos de los demandados, él no está obligado a acatar la otra parte de la sentencia que le ordena a inscribir los títulos a favor del demandante, ya que este último no observó ni cumplió

con los requisitos del artículo 395 de la Ley Hipotecaria, que se refiere al expediente de dominio, tales como la notificación del procedimiento o de la acción a los anteriores dueños y al ministerio fiscal y la publicación de edictos por el término de 60 días. En síntesis, el criterio del Registrador es que no es inscribible, como título, una sentencia en una acción ordinaria declarativa que tenga por objeto el que se declare judicialmente que el demandante es dueño de una propiedad, si no se han seguido los trámites del expediente de dominio. No estamos conformes.

Cae dentro de la función calificadora de un Registrador con respecto a una sentencia, el determinar, no solamente la cuestión jurisdiccional, sino que también si la sentencia está autorizada por la ley, sin que el Registrador pueda considerar los fundamentos intrínsecos de la sentencia ni sustituir su criterio por el del tribunal en cuanto a sus determinaciones de hecho. *Cf. Rosado* v. *Registrador*, 71 D.P.R. 553, 556. Esa función calificadora fué desempeñada en forma errónea en el caso de autos.

En primer término, el aspecto declarativo de la sentencia, en lo que se refiere a la determinación de que el demandante era el dueño de las fincas, no puede independizarse o divorciarse de la parte de la sentencia que ordenaba la cancelación de las inscripciones de los títulos de los demandados. El demandante demostró judicialmente que sus títulos eran superiores a los de los demandados. La invalidez de las inscripciones a favor de los demandados estaba predicada en la validez superior de los títulos de la parte demandante. Ambas cuestiones estaban integradas entre sí, y una es consecuencia de la otra. Procediendo la cancelación de las inscripciones a favor de los demandados, debe ser también inscribible la causa de la cancelación, o sea, los títulos a favor de la parte demandante. Las mismas garantías que ofreció el juicio plenario en cuanto a la cancelación estaban también presentes en cuanto a la declaración de derechos del demandante.

■ En segundo término, y aun considerando el aspecto declarativo de la sentencia en forma aislada y separada de la cancelación de las inscripciones a favor de los demandados, el demandante estaba autorizado a instar una acción declarativa de dominio a su favor, que, a su vez, culminase en una sentencia declarativa válida y legal. Es de aplicación lo resuelto por el Tribunal Supremo de España en sentencias dictadas el 26 de noviembre de 1946 y 21 de febrero de 1941, al efecto de que "la tutela del derecho de propiedad se desenvuelve y actúa a través de dos distintas acciones enlazadas y frecuentemente confundidas en nuestro derecho, a saber: la clásica y propia acción reivindicatoria, que sirve de medio para la protección del dominio frente a una posesión o detentación posesoria, y la acción de mera declaración o constitución de la propiedad que no exige que el demandado sea poseedor y tiene como finalidad que se declare que el actor es propietario de la cosa." Véase, además, la sentencia de 25 de abril de 1949.

■ Los requisitos a que se refiere el Registrador (notificación a anteriores dueños, al fiscal, publicación de edictos por 60 días y otros) deben observarse al tramitarse un expediente de dominio bajo el artículo 395 de la Ley Hipotecaria, pero no son exigidos por la ley al tramitarse una acción ordinaria. La existencia del procedimiento de expediente de dominio no es exclusivo y no prohíbe la interposición de acciones ordinarias, especialmente cuando éstas van también encaminadas a obtener la cancelación de asientos contradictorios, ya que, como hemos visto, en este último caso el expediente de dominio no constituye un procedimiento adecuado. El criterio del Registrador implicaría la necesidad de una duplicación de acciones.

Como cuestión de hecho, los requisitos señalados por la ley en cuanto al expediente de dominio, obedecen, en parte, al propósito de establecer garantías adecuadas en cuanto al hecho de que el peticionario sea realmente el dueño de la

propiedad. En el caso de autos, de la sentencia y de la demanda surge que el anterior dueño en cuanto a dos de las cuatro fincas envueltas en este litigio era uno de los demandados, y fué debidamente citado. Además, se presentaron en evidencia todas las escrituras otorgadas ante notario, de adquisición de las cuatro fincas, lo cual tiende a demostrar la autenticidad de la adquisición por el demandante. Además, la sentencia no es "res judicata" en cuanto a aquéllos que no fueron partes en el procedimiento, incluyendo al Estado Libre Asociado de Puerto Rico, y si los derechos de estos extraños han sido lesionados por la sentencia, ellos siempre tendrían la oportunidad de impugnar posteriormente la misma. *Rivera* v. *Registrador*, ante pág. 127.

La sentencia dictada en este caso, en lo que se refiere a la declaración de que el demandante es el dueño de las fincas, constituye un título declarativo inscribible. Artículos 2 y 3 de la Ley Hipotecaria; Morell y Terry, Comentarios a la Legislación Hipotecaria, Vol. 1, pág. 423, 2a. ed.; Roca Sastre, Derecho Hipotecario, Vol. 2, pág. 146 *et seq.*, pág. 158. En el caso de *Rivera* v. *Registrador*, supra, este Tribunal ha resuelto que es inscribible en el Registro de la Propiedad el dominio sobre una finca a favor de unos herederos que instaron acción reivindicatoria y establecieron su condición de herederos en tal acción, obteniendo sentencia a a su favor, sin que sea necesario el que los demandantes hayan tramitado un procedimiento especial de declaratoria de herederos. En la opinión se dice lo siguiente:

"Rehusar inscribir la finca a nombre de los recurrentes por entender el recurrido que éstos deben presentarle declaratoria de herederos de acuerdo con la Ley de Procedimientos Legales Especiales para probar el mismo carácter que les fuera reconocido en la sentencia y sin cuya comprobación no hubieran podido vencer en la acción reivindicatoria, es negarle eficacia y alcance a dicho reconocimiento para fines y efectos de dicha acción."

158

De una reseña de la historia estatutaria del expediente de dominio en España, que aparece en Roca Sastre, ob. cit., Vol. 3, págs. 667–669, surge que no obstante la existencia del expediente de dominio, siempre se ha podido acudir al juicio declarativo ordinario a los fines de declarar el dominio sobre una finca en favor del demandante.

■ Procede, por lo tanto, en este caso, la inscripción del dominio a favor del demandante. Empero, el Registrador actuó correctamente al señalar la existencia de un defecto subsanable, al efecto de que en la sentencia y en los documentos que la acompañan no se expresa el estado civil del demandante cuando adquirió las fincas. Surge el hecho de que él estaba casado al instar la acción, pero ello no es suficiente, ya que debe aparecer su estado civil en el momento de la adquisición. *Mangual* v. *Registrador*, 27 D.P.R. 923; *Rivera* v. *Registrador*, 26 D.P.R. 625.

*Se revoca la nota recurrida en cuanto deniega la inscripción a favor de la parte demandante del dominio sobre las fincas en cuestión, y se confirma dicha nota en cuanto señala un defecto subsanable relativo al estado civil del demandante al adquirir éste tales fincas.*