Josefina F. Ruiz–Sierra, recurrente, *v.* El Registrador de la Propiedad de Sec. I de Caguas, recurrido.

*Número:* O-74-393          *Resuelto:* 19 de marzo de 1975

*Calixto Ruiz-Sierra Fernández,* abogado de la recurrente; El Registrador recurrido compareció por escrito.

El Juez Asociado Señor Díaz Cruz emitió la opinión del Tribunal.

Presentado al Registro de la Propiedad, Sección Primera, de Caguas, un mandamiento de embargo de finca urbana

_____

originado en el Tribunal de Distrito, Sala de San Juan, para asegurar la efectividad de la sentencia sobre cobro de dinero, ya firme y ejecutoria, en el pleito civil Complete Service Corporation v. Magda García Dávila y Frank del Río Colón, se negó el Registrador a anotarlo fundando su rechazo en la siguiente nota: "Se suspende la inscripción del documento relacionado en el epígrafe porque falta la copia de la demanda. No surge que el demandado Frank del Río lo es en representación de la sociedad de gananciales que compone [*sic*] Ana Delia García o que esta última ha sido emplazada o que tratándose de deuda privativa se ha hecho excusión de los bienes del demandado."

Rompiendo una lanza por lo que considera un discrimen perjudicial a la mujer (¹) en la esfera registral, el Registrador invoca como fundamento de su nota el Art. 19 de la Ley Hipotecaria (30 L.P.R.A. sec. 44) que le faculta para requerir documentos complementarios indispensables únicamente cuando la falta de éstos constituya defecto insubsanable. Su posición tendría el efecto de pasar sobre el Art. 18 de la Ley que le ordena calificar la legalidad de los documentos expedidos por autoridad judicial ajustándose a lo que resulte de los mismos. Extiende indebidamente dicha facultad e invade el campo de decisión judicial, exigiendo elementos de prueba cuya relevancia, admisibilidad y suficiencia propiamente son de la competencia del juez sentenciador. Al Registrador le está vedado considerar los fundamentos intrínsecos de la sentencia o sustituir su criterio por el del tribunal en cuanto concierne a sus

---

(¹) La encomiable preocupación del Registrador por el derecho de la mujer a ser oída en una acción que afecte su haber en la sociedad de gananciales fue atendida en *Carrero Suárez v. Sánchez López*, 103 D.P.R. 77 (1974), donde este Tribunal anuló una sentencia en rebeldía contra el marido obtenida por la concubina que no había hecho parte a la esposa de aquél. Tanto el alegato del Registrador presentado el 1ro de noviembre de 1974 como su carta al Secretario de este Tribunal presentada el 5 del mismo noviembre acompañando una certificación (esta última sin constancia de su notificación al recurrente), son anteriores a nuestra opinión en *Carrero Suárez*, supra.

determinaciones de hecho. *Bermúdez* v. *Registrador*, 74 D.P.R. 151, 155 (1952). La calificación no ha de estar gobernada por el ardor del reformista sino por la mesura del jurista. *Banco de San Juan* v. *Registrador*, 103 D.P.R. 417 *in fine*, (1975).

■ La deseabilidad del requisito al efecto de que para inscribir un embargo originado en juicio ejecutivo sobre finca ganancial haya sido dirigida la demanda contra ambos cónyuges, no es suficiente para enmendar la Ley Hipotecaria. Hasta que se enmiende la Regla 15.3 de Procedimiento Civil o por la Asamblea Legislativa se modifique el esquema de derecho ordenado por el Art. 72 de la Ley Hipotecaria (30 L.P.R.A. sec. 121), y el concordante Art. 97 de su Reglamento (30 L.P.R.A. sec. 977),(²) ha de prevalecer la norma de *Banco San Germán* v. *Reg. San Germán*, 31 D.P.R. 189 (1922), que aplicada al presente caso admite la inscripción del mandamiento de embargo toda vez que la falta de acompañar la sen-

---

(²) La Regla 15.3 de Procedimiento Civil enumera los casos en que la mujer podrá demandar o ser demandada sin concurso del marido.

El Art. 72 de la Ley Hipotecaria dispone que las anotaciones que deban su origen a providencia de embargo o secuestro expresarán la causa que haya dado lugar a ellas. El Art. 97 del Reglamento ordena que toda anotación preventiva que no pueda hacerse sino por providencia judicial, se verificará en virtud de la presentación en el registro de mandamiento del juez o tribunal, en el que se insertará literalmente el particular de la providencia en que se haya dictado, su fecha y documento o documentos que hayan motivado dicha anotación.

Llegado el momento, habrá de ponderarse el efecto de la modificación sobre el tráfico jurídico desarrollado alrededor de la figura del marido como administrador de la sociedad de gananciales, en el acelerado comercio de nuestros días integrado en gran medida por un sistema de crédito y déficit del presupuesto familiar propiciado e implementado por miles de transacciones diarias con tarjetas de crédito, ventas condicionales, préstamos pequeños, arrendamiento de servicios y otros no clasificados en que el esposo obliga la sociedad de gananciales con su sola firma. Podría resultar a la postre que el régimen de gananciales todavía es útil y conveniente para el matrimonio y que la excepción de algunos malos y deshonestos maridos administradores no debe prevalecer contra el sistema, máxime cuando la mujer puede protegerse contra esa eventualidad dictando las reglas de su elección en capitulaciones matrimoniales, prefiriendo azahares de Minerva a los de Eros.

tencia, documento este que ha dado lugar a la orden de embargo, sólo constituye defecto subsanable.

*Se dictará sentencia ordenando la anotación del embargo con el defecto subsanable apuntado, y la nota del Registrador será revocada.*