ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ADELINA RIVERA BADILLO y el/los miembro(s) de la SUCESIÓN DE ADELINA RIVERA BADILLO, DANIEL RIVERA BADILLO y el/los miembro(s) de la SUCESIÓN DE DANIEL RIVERA BADILLO y ELIDIA RIVERA BADILLO y el/los miembro(s) de la SUCESIÓN DE ELIDIA RIVERA BADILLO<br><br>Apelados<br><br>v.<br><br>LUIS ÁNGEL LUCIANO RIVERA, MARILYN LUCIANO RIVERA y FRANCISCO LUCIANO VÉLEZ<br><br>Apelantes | KLAN202300951 | Apelación procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Civil Núm.: AG2022CV01548<br><br>Sobre: Liquidación de comunidad de bienes |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz y la jueza Mateu Meléndez

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico a 30 de noviembre de 2023.

Comparecen Luis Ángel Luciano Rivera, en adelante el señor Luciano Rivera, Marilyn Luciano Rivera, en adelante la señora Luciano Rivera, y Francisco Luciano Vélez, en adelante el señor Luciano Vélez, en conjunto los apelantes, y solicitan que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Aguadilla, en adelante TPI. Mediante la misma, se declaró no ha lugar una demanda sobre usucapión extraordinaria y división de comunidad.

Número Identificador

SEN23_____

Por los fundamentos que expondremos a continuación, se confirma la sentencia apelada.

**I.**

Según surge del expediente ante nuestra consideración, los apelantes presentaron una *Demanda* por usucapión extraordinaria y división de comunidad contra la señora Adelina, el señor Daniel y la señora Elidia, todos de apellido Rivera Badillo, así como contra los miembros de sus respectivas sucesiones, en adelante los apelados.[1] En lo aquí pertinente, adujeron:

. . . . . . . .

12. Los demandantes, Luis Ángel Luciano Rivera, Marilyn Luciano Rivera y Francisco Luciano Vélez, han ocupado sus propiedades en concepto de dueño, continuamente, públicamente y pacíficamente. Durante todos estos años cada uno de los demandantes han [*sic.*] realizado remodelaciones y mantenimiento de sus residencias y de mantenimiento de sus solares. Todas las construcciones, remodelaciones y mejoras en sus propiedades las han realizado en concepto de dueño.

[…]

15. La transacción verbal mediante la cual adquirieron los demandantes sus propiedades no ha podido tener acceso al Registro de la Propiedad por la razón, que al día de hoy tampoco están disponibles los titulares codemandados para otorgar la correspondiente Escritura de Segregación y Ratificación de Compraventa, por lo que, resulta imposible para los demandantes dividir la comunidad que existes [*sic.*] entre estos y los co-demandantes, toda vez que cada uno tiene según nuestro ordenamiento jurídico una participación alícuota de la Finca Principal hasta tanto no se segregue la misma mediante el correspondiente instrumento público, en este caso la Escritura de Segregación, para poder así restablecer el tracto registral interrumpido de sus propiedades por vía de otorgar el instrumento público correspondiente y presentar el mismo al Registro de la Propiedad, bajo la Finca Matriz.

. . . . . . . .

---

[1] Apéndice de los Apelantes, págs. 1-12.

38. Por todo lo cual, se suplica de este Honorable Tribunal que luego de los trámites legales pertinentes declare HA LUGAR la presente Demanda de Usucapión Extraordinaria y de División de Comunidad que existe sobre la Finca #28,699 a tenor con lo dispuesto en el Código Civil vigente, declare justificado el dominio, ordene se realice la Escritura de Segregación del Solar 4 y del Solar 5 a favor de Luis Angel Luciano Rivera, el Solar 2 y el Remanente de la Finca Principal a favor de la demandante Marilyn Luciano Rivera y el Solar 1 a favor del demandante Francisco Luciano Vélez, y finalmente ordene a la Honorable Registradora de la Propiedad, Sección de Aguadilla a inscribir los inmuebles objeto de esta Demanda a favor de los demandantes según se solicita.

[Específicamente, solicitaron al TPI que ordenara:]

1. …la División de la Comunidad y Declare justificado el dominio privativamente a favor de los comuneros demandantes sobre sus respectivos solares: Luis Angel Luciano Rivera del Solar 4 y 5, Marilyn Luciano Rivera del Solar 2 y el Remanente y Francisco Luciano Vélez del Solar 1;

2. … [la otorgación de] la Escritura de Segregación y División de Comunidad de la Finca #28,699 y la Escritura de Segregación y Uso Público;

3. … [y] a la Honorable Registradora de la Propiedad, Demarcación de Aguadilla a inscribir los inmuebles objeto de esta Demanda, Solar 1, Solar 2, Solar 4, Solar 5 y el Remanente, a favor de los demandantes, Luis Angel Luciano Rivera, Marilyn Luciano Rivera y Francisco Luciano Vélez, respectivamente según fueron solicitados.[2]

Posteriormente, se emplazó a los apelados por edicto y se les anotó la rebeldía.[3] Celebrada la vista de juicio en su fondo, el TPI declaró no ha lugar la *Demanda*. En lo aquí pertinente dispuso:

En segundo lugar, según la evidencia presentada el señor Francisco Luciano Vélez adquirió su solar en el año 1953, mientras que el señor Luis Ángel Luciano Rivera y la señora Marilyn Luciano Rivera adquirieron los suyos en 1989 y 1996, respectivamente. Surge, además, que la señora Adelina Rivera Badillo, el señor Daniel Rivera Badillo y la señora Elidia Rivera Badillo adquirieron la propiedad de la cual se alega se segregaron los solares por expediente de dominio, en virtud de resolución dictada el 30 de junio de 1995 y enmendada el 11 de julio de 1996.

---

[2] *Id.*
[3] *Id.*, págs. 18-24.

Los codemandantes Francisco Luciano Vélez y Luis Ángel Luciano Rivera adquirieron los solares de una finca que no constaba inscrita y, por tanto, de una persona que no constaba en ese momento, ni consta al presente, como titular registral de la referida finca; mientras que la codemandante Marilyn Luciano Rivera adquirió los solares de una finca que no constaba inscrita y de dos personas que al presente constan como titulares registrales, pero en conjunto con un miembro adicional de una comunidad de bienes.

A tales efectos, no podemos hablar propiamente de prescripción ordinaria, por lo que, en el presente caso estamos ante el término de 30 años. Los codemandantes reconocen que, si bien adquirieron los solares objeto de la reclamación en 1953, 1989 y 1996, también es cierto que, posteriormente, los codemandados adquirieron la propiedad de la cual se segregaron, por expediente de dominio, en virtud de resolución dictada el 30 de junio de 1995 y enmendada el 11 de julio de 1996; derecho que también fue inscrito en el Registro de la Propiedad. Es a partir de entonces que comienza a transcurrir el referido término. Sin embargo, en el presente caso, dicho término no ha transcurrido.

Luego de un examen de las alegaciones, así como de los testimonios vertidos en sala, la prueba documental presentada, el expediente judicial y el derecho aplicable, es forzoso concluir que los codemandantes no han demostrado que cuenta [*sic.*] con elementos dispuestos para que se declare su dominio sobre las fincas objeto de la reclamación.[4]

Oportunamente, los apelantes solicitaron *Reconsideración*[5], que el TPI declaró no ha lugar[6].

Inconforme con la determinación, los apelantes presentaron una *Apelación* en la que alegan que el TPI incurrió en los siguientes errores:

ERRÓ EL TPI:

AL DECLARAR NO HA LUGAR LA DEMANDA POR EL FUNDAMENTO DE QUE NO SE CUMPLIERON CON LOS REQUISITOS DE LA PRESCRIPCIÓN ADQUISITIVA EXTRAORDINARIA (USUCAPIÓN).

[AL] NO RESOLVER LOS ASPECTOS SOLICITADOS SOBRE LA DIVISIÓN DE LA COMUNIDAD DE BIENES EXISTENTE ENTRE APELANTES/DEMANDANTES Y APELADOS/DEMANDADOS.

---

[4] *Id.*, págs. 27-34.
[5] *Id.*, págs. 36-44.
[6] *Id.*, pág. 45.

Dado a que los apelados no presentaron su alegato en oposición a la apelación en el término establecido en el Reglamento del Tribunal de Apelaciones, consideramos el recurso perfeccionado y listo para adjudicación.

Examinados el escrito de los apelantes, el expediente y la prueba documental, estamos en posición de resolver.

**II.**

**A.**

En lo aquí pertinente, el Código Civil de Puerto Rico de 2020, en adelante el CC-2020, dispone lo siguiente:

> Los términos prescriptivos, de caducidad o de usucapión que estén transcurriendo en el momento en que este Código entre en vigor, tienen la duración dispuesta en la legislación anterior; pero si el término queda interrumpido después de la entrada en vigor de este Código, su duración será la determinada en este.[7]

**B.**

Establecido lo anterior, el Art. 280 del Código Civil de 1930, en adelante el CC-1930, dispone que uno de los derechos reales reconocidos en nuestro ordenamiento civil es el derecho de propiedad o dominio. Así pues, "[l]a propiedad es el derecho en virtud del cual una cosa pertenece en particular a una persona con exclusión de cualquier otra. La propiedad concede el derecho de gozar y disponer de las cosas sin más limitaciones que las establecidas en las leyes".[8]

---

[7] Art. 1814 de la Ley Núm. 55-2020 (31 LPRA sec. 11719).
[8] Art. 280 del Código Civil de Puerto Rico de 1930 (31 LPRA sec. 1111). Cabe destacar que el Código Civil de Puerto Rico de 1930, vigente al momento en que ocurrieron los hechos del presente caso, fue derogado y sustituido mediante la Ley Núm. 55-2020, aprobada el 1 de junio de 2020, conocida como Código Civil de Puerto Rico de 2020.

En lo aquí pertinente, el derecho de propiedad "…se adquiere por la ocupación. … Puede también adquirirse por medio de la prescripción".[9] En cuanto a este último modo de adquirir la propiedad, hay que señalar que "por la prescripción se adquieren, de la manera y con las condiciones determinadas en la ley, el dominio y los demás derechos reales. También se extinguen del propio modo por la prescripción los derechos y las acciones, de cualquier clase que sean".[10]

Al respecto, el profesor Vélez Torres afirma que la prescripción adquisitiva del dominio o usucapión resulta como,

> …una consecuencia de la posesión civil mantenida durante un determinado número de años. Consiste en la adquisición del dominio u otro derecho real poseíble por medio de la posesión civil mantenida durante el tiempo y con arreglo a las condiciones que requiere la ley. Constituye un modo originario de adquirir la propiedad y otros derechos reales, pues el adquirente no deriva su derecho de un anterior dueño mediante un acto traslativo del derecho, como lo sería un contrato o un testamento, sino que adquiere por el solo hecho de poseer en determinado concepto (como dueño, usufructuario, titular de un predio dominante, etc.), durante determinado periodo de tiempo.[11]

Es pertinente mencionar, que para que se configure la usucapión, "es indispensable que estemos ante una cosa o un derecho susceptible de apropiación por un tiempo determinado y según las condiciones que dicta la ley".[12]

Ahora bien, la usucapión puede ser de dos clases, a saber, ordinaria o extraordinaria. Ambas clases "requieren que exista una posesión ininterrumpida,

---

[9] 31 LPRA sec. 1931.
[10] 31 LPRA sec. 5241.
[11] J.R. Vélez Torres, *Curso de Derecho Civil: Los Bienes, Los Derechos Reales*, Madrid, Offirgraf, S.A., 1997, Tomo II, pág. 263.
[12] *Bravman, González v. Consejo de Titulares,* 183 DPR 827, 838, (2011).

pública, pacífica y en concepto de dueño por el término fijado en la ley".[13] Específicamente, la usucapión ordinaria "requiere la posesión mediante la concurrencia de buena fe y justo título junto al transcurso de diez años según un tiempo fijado por la ley".[14] En cambio, la prescripción adquisitiva extraordinaria "no requiere el elemento de buena fe ni de justo título, por lo que se le requiere al poseedor un término más prolongado para que pueda adquirir la cosa o el derecho".[15] "En ésta el término requerido es de treinta años para los bienes inmuebles".[16] Requiere además, que la posesión sea una civil y no natural; es decir, no bastará la mera tenencia de una cosa o un derecho y su disfrute (como ocurre para la posesión natural), sino que es necesario que dicha tenencia esté unida a la intención de hacer suya la cosa o el derecho que se esté poseyendo.[17]

Respecto a última clase de usucapión, el tratadista Ramón Roca-Sastre explica lo siguiente: "Lo que usualmente se califica de prescripción extintiva *secundum* tabulas no es propiamente una prescripción apoyada *fundamentalmente* en el Registro, sino una prescripción que se produce extrarregistralmente, pero cuyo resultado extintivo viene a *coincidir* con el contenido registral, consistente generalmente en una cancelación indebida de un derecho real en cosa ajena".[18]

---

[13] *Id.*
[14] *Id.*
[15] *Id., pág. 839.*
[16] *Id.*
[17] *Suc. Maldonado v. Suc. Maldonado*, 166 DPR 154, 183 (2005).
[18] R. Roca-Sastre, *Derecho Hipotecario, Fundamentos de la Publicidad Registral*, 8.ª ed. rev., Barcelona, Ed. Bosch, 1995, T. II, pág. 565. (Énfasis en el original)

Por su parte, el profesor Luis Rafael Rivera Rivera añade que quien haya inscrito su título goza de la presunción de que ha poseído pública, pacífica, ininterrumpidamente y de buena fe durante el tiempo de vigencia del asiento y de los de sus antecesores de quienes traiga causa.[19] Esto significa que el titular registral queda favorecido y el tiempo para calcular el término de la usucapión extraordinaria se computará a base de la vigencia del asiento de inscripción.[20]

## C.

Cabe destacar que la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico* define las presunciones en cuanto a derechos inscritos de la siguiente forma:

> A todos los efectos legales se presumirá que los derechos publicados en el asiento de inscripción de cada finca existen y pertenecen a su titular en la forma determinada por el asiento respectivo. También se presumirá que quien tenga inscrito a su favor el dominio de los inmuebles o derechos reales tiene la posesión de los mismos. Estas presunciones admiten prueba en contrario, pero los tribunales cuidarán de que en caso de duda sobre el hecho de la posesión sea reconocido como poseedor el titular inscrito, con reserva de las acciones que puede ejercitar su contradictor en la vía ordinaria correspondiente. En virtud de lo indicado, no podrá ejercitarse ninguna acción contradictoria del dominio de inmuebles o derechos reales inscritos a nombre de un titular determinado, sin que previamente o a la vez se pida en una acción civil o criminal la corrección, nulidad o cancelación de la correspondiente inscripción, cuando proceda.[21]

Además, el Tribunal Supremo de Puerto Rico ha establecido la improcedencia de la inscripción de una resolución aprobatoria de una información de dominio cuando existe un asiento contradictorio y a pesar de haber citado al titular, este no ha consentido a la

---

[19] L. R. Rivera-Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 3.ª ed. rev., San Juan, Ed. Jurídica Editores, 2012, págs. 59-60.
[20] *Id.*
[21] Art. 34 de la Ley Núm. 210-2015 (30 LPRA sec. 6049).

cancelación ni ha sido vencido en juicio.[22] En consecuencia, "[e]l expediente de dominio es inaplicable cuando se trata de obtener la extinción de asientos definitivos sin la garantía del juicio contencioso".[23]

**D.**

Como regla general, un tribunal apelativo no debe intervenir con las determinaciones de hechos ni con la adjudicación de credibilidad que haya efectuado el juzgador de los hechos, ni tiene facultad de sustituir por sus propias apreciaciones, las determinaciones del foro de instancia.[24] Esto es, los tribunales apelativos deben mantener deferencia para con la apreciación de la prueba que realiza un tribunal de instancia.[25] El fundamento de esta deferencia es que el juez de primera instancia tuvo la oportunidad de observar toda la prueba presentada y, por lo tanto, se encuentra en mejor situación que el tribunal apelativo para considerarla.[26] En vista de esta deferencia, los tribunales apelativos no intervendremos con la apreciación de la prueba reflejada en las determinaciones de hechos del tribunal apelado en ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio o parcialidad, o que cometió un error manifiesto.[27]

---

[22] *Sánchez González v. Registrador*, 106 DPR 361, 368-369 (1977). Además, en *Ruiz Sierra v. Registrador*, 103 DPR 578, 579-580 (1975) y *Caballero v. Registrador*, 35 DPR 617, 619 (1926), quedó establecido, que una vez el tribunal emite la sentencia, el registrador o la registradora deberá proceder con la inscripción sin considerar los fundamentos intrínsecos de la sentencia o sustituir su criterio por el del tribunal en cuanto a sus determinaciones de hecho.
[23] *Sánchez González v. Registrador, supra.*
[24] *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Rolón v. Charlie Car Rental, Inc.*, 148 DPR 420, 433 (1999).
[25] *McConnel v. Palau*, 161 DPR 734, 750 (2004).
[26] Véase, *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001).
[27] Véase, *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 793 (2020).

No obstante, cuando las conclusiones de hecho se basan en prueba pericial o documental, el tribunal de apelaciones se encuentra en la misma posición que el tribunal de instancia.[28] De modo, que el tribunal intermedio no está obligado a conceder deferencia a la apreciación de la prueba del foro sentenciador.

### III.

En esencia, los apelantes alegan que el TPI cometió un error de derecho al computar el término de la usucapión extraordinaria respecto al señor Luciano Vélez -que ha poseído la finca en exceso de 70 años- y al no atender la petición de la señora Luciano Rivera -que ha poseído por más de 27 años- de dividir la comunidad de bienes que ostentan con los señores Rivera Badillo. A su entender, han adquirido el dominio de la finca en controversia en calidad de dueños, indistinta e indiferentemente de si se inscribió posteriormente el derecho de propiedad a favor de los apelados. No tienen razón. Veamos.

Contrario a su contención, la inscripción registral del dominio a favor de los señores Rivera Badillo establece el parámetro de adjudicación de la controversia ante nuestra consideración.

Como la finca número 28699 está inscrita a favor de los apelados, se presume que el dominio existe y pertenece a aquellos. Además, se presume que han ostentado la posesión de dicho inmueble por el tiempo de vigencia del asiento de inscripción. Para derrotar dichas presunciones a favor de los titulares inscritos, los apelantes tienen que probar en juicio

---

[28] *Sucn. Rosado v. Acevedo Marrero*, 196 DPR 884, 918 (2016).

ordinario que han cumplido cabalmente con los requisitos de la prescripción adquisitiva.

Ahora bien, ¿cuál es el término de usucapión aplicable?

Como el término de prescripción adquisitiva estaba transcurriendo al momento de entrar en vigor el CC-2020, el término aplicable al caso de autos es el del CC-1930, es decir, 30 años. En consecuencia, para usucapir la finca número 28699, los apelantes tienen que probar que la han poseído ininterrumpidamente, pública, pacífica y en concepto de dueño por más de 30 años, contados a partir del 11 de julio de 1996, fecha de la inscripción registral del inmueble en controversia. De modo, que basta un simple cálculo aritmético para concluir que la reclamación de los apelantes es prematura.

De lo anterior, es forzoso colegir, además, que la petición de división de comunidad de la señora Luciano Rivera también es prematura. Ello en la medida en que, en este momento, no puede establecer un derecho a una cuota abstracta e indivisa sobre la finca número 28699.

Conviene añadir, que el Art. 212 de la Ley Núm. 210-2015 (30 LPRA sec. 6352) no aplica a la controversia de autos. Esto es así porque el asiento de inscripción de la finca número 28699 ni está inscrito erróneamente, ni es inexacto, ni los apelantes, en este momento, son titulares de derecho real alguno sobre el inmueble en cuestión.

Finalmente, al no haber presentado alguno de los medios de reproducción de la prueba oral, los apelantes no nos pusieron en posición de impugnar la

apreciación de esta por parte del foro sentenciador, de modo que de los testimonios se hubiese desprendido alguna prueba que contradijera las firmes determinaciones de derecho que apoyan la sentencia apelada.

**IV.**

Por los fundamentos previamente expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                                    Lcda. Lilia M. Oquendo Solís
                            Secretaria del Tribunal de Apelaciones