### SAN MIGUEL, GONZALEZ & VALIENTE & CO. v. GUEVARA et al.

No. 4127.

Circuit Court of Appeals, First Circuit.

July 9, 1946.

F. Fornaris, Jr., of San Juan, Puerto Rico (E. Martinez Rivera and Luis Blanco Lugo, both of San Juan, Puerto Rico, on the brief), for appellant.

Charles R. Hartzell, Rafael C. Fernandez, and Daniel F. Kelley, all of San Juan, Puerto Rico, for appellees.

Before EDGERTON, MAHONEY and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

On December 9, 1931, defendants executed a promissory note payable to the Banco Territorial & Agricola de Puerto Rico or order in the amount of $12,000 due January 15, 1932. The assets of the Bank, including the note, were liquidated and ultimately assigned to the plaintiff. On March 10, 1943, the plaintiff sued for collection of this note in the District Court of Arecibo, Puerto Rico. The District Court entered judgment for the plaintiff, finding that the note was a personal, not a mercantile, obligation, and hence, not barred by the statute of limitations.

The statute of limitations on a mercantile instrument is three years under the Code of Commerce while the period of limitations on a personal or civil obligation is fifteen years under the Civil Code of Puerto Rico.

The Supreme Court of Puerto Rico reversed the judgment of the District Court and determined that the instrument in question was a commercial obligation and that suit thereon was barred by the statute of limitations. The correctness of this conclusion is the principal question presented to us.

The plaintiff asserts that the Supreme Court's ruling that a promissory note payable to order is presumptively a mercantile instrument was manifestly erroneous. This doctrine has been consistently followed by the Supreme Court for many years.[1] The question is one of local law and we cannot say that the determination of the Supreme Court was inescapably wrong. Bonet v. Texas Co., 1940, 308 U.S. 463, 471, 60 S.Ct. 349, 84 L. Ed. 401.

The Supreme Court further held that the presumption was supported rather than rebutted by the evidence. The parties are in substantial agreement on the essential facts. The evidence showed that the note in question was given by the defendants for the purpose of consolidating several other obligations to the Bank. It had been the practice of the Bank to discount for one of the defendants obligations owing him which arose from the sale of merchandise. The Bank would then credit his account accordingly and he would draw against that account. It is undisputed that the transactions which gave rise to these obligations which were discounted by the Bank were of a commercial nature, issued against persons to whom this defendant had sold merchandise. When these obligations which the Bank discounted for the defendant were not paid by the primary obligors, the defendant's account was overdrawn and he would give the Bank a promissory note for the amount of overdrawal in satisfaction thereof. The note in question is a consolidation of instruments given by the defendant to the Bank on such occasions.

The real issue in this case is whether the commercial character of the obligations which that defendant assigned to the Bank carries over to the note which the defendants gave to the Bank in exchange therefor. It would seem that if the obligations when assigned to the Bank were commercial instruments as between the Bank and the assigning defendant, then the

[1] Hernandez v. Muniz, 1906, 10 P.R.R. 16, 19; Rosaly v. Alvarado, 1911, 17 P.R. R. 100, 102; Roman v. Martinez, 1917, 25 P.R.R. 610, 613; Barros v. Padial, 1926, 35 P.R.R. 237, 240; Totti v. Fernandez, 1930, 40 P.R.R. 609, 613; Blondet v. Garau, 1935, 47 P.R.R. 820, 822; Banco de P. R. Liquidator v. Rodriguez, 1938, 53 P.R.R. 166, 170.

744

note of the defendants in substitution therefor would also be a commercial instrument. Thus the issue in the instant case may be resolved by a determination of whether the original obligations which the Bank discounted for the defendant were commercial instruments as between these two parties. That the original obligations admittedly grew out of a commercial transaction and that the credits to the defendant's account were devoted to commercial transactions is strong evidence in support of the Supreme Court's conclusion and in support of the presumption as to instruments payable to order. We do not believe that the Supreme Court was inescapably wrong when it decided that the commercial character of an instrument flows over from the original obligor and obligee to the assignee thereof and to an instrument given in lieu thereof by the assignor. DeCastro v. Board of Commissioners, 1944, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384. The note in question cannot be treated as separate and distinct from the transactions which preceded it. The plaintiffs did not sustain the burden of showing that the transaction out of which this instrument arose was not a commercial one.

We find no merit in the other issues raised by the plaintiff.

The judgment of the Supreme Court of Puerto Rico is affirmed.