**R. P. FARNSWORTH & CO. Inc.,**
**Plaintiff,**

v.

**PUERTO RICO URBAN RENEWAL &**
**HOUSING CORPORATION et al.,**
**Defendants.**

**Civ. No. 175-67.**

United States District Court
D. Puerto Rico.

Sept. 30, 1968.

Reinaldo Paniagua Diez and Rafael Marxuach del Toro, Hato Rey, P. R., for plaintiff.

Rodriguez Ema & Rodriguez Ramon, Rodolfo Zequeira and Nicolas Jimenez, San Juan, P. R., for co-defendant Puerto Rico Urban Renewal and Housing Corp.

Jose O. Sabater and Ernesto C. Blanco, Santurce, P. R., for co-defendant Puerto Rico Aqueduct and Sewer Authority.

## MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

On November 1, 1961, the plaintiff R. P. Farnsworth & Co. Inc. (hereinafter referred to as Farnsworth), entered into a contract with defendant Puerto Rico Urban Renewal & Housing Corporation (hereinafter referred to as CRUV), for the construction of a housing project in Aguadilla, Puerto Rico, identified as Project No. P.R. 3086. Farnsworth sub-contracted to a plumbing contractor, known as H.L.F. Associates, the construction of certain sanitary lines required by the said Prime Contract, leading from the housing project to a sewerage treatment plant that was being constructed by the said plaintiff. A leak having occurred in the mentioned sanitary lines, the correction of the same was requested by CRUV from Farnsworth. Plaintiff corrected the same, taking the position that the correction thereof was additional work, and not correction of deficiencies, as alleged by CRUV, giving rise to the claim set forth in the complaint herein as a first cause

of action for $155,000.00. Farnsworth also claimed, as a second cause of action, the sum of $5,320.00 allegedly due from CRUV under change order No. 10 and periodical estimate No. 25, and as its third cause of action, the amount of $20,567.50 was claimed for alleged additional work, labor and services in connection with the construction of a barbed wire fence and in connection with removal of unsuitable back-filling material for footings. The complaint was filed on March 23, 1967, the same having been amended on May 16, 1967.

CRUV answered on July 31, 1967, alleging, among other affirmative defenses, that the claims were either waived by the plaintiff and/or the same were barred and consequently not assertible judicially. On November 17, 1967, CRUV filed a motion requesting summary judgment dismissing the complaint on the basis that "there is no genuine controversy between itself and the plaintiff as to the fact, that the complaint herein was brought after having elapsed 120 days after receipt of final payment." Said motion was supported by affidavits from Mr. Antonio Alvarado Rivera, Associate Director for the General Management of CRUV, and Mr. José Serrano Anglada, contracting officer of CRUV, to which statements the deponents attached supporting documents. Farnsworth objected to that motion claiming there is a genuine controversy between the parties and further, that the plaintiff is not barred from prosecuting this action. The motion in opposition was accompanied by three affidavits from Mr. Louis S. Tosi, Mr. Francisco J. Pérez, and from Mr. Sidney S. Allen, one of plaintiff's attorneys. Said statements were supported by documents annexed thereto.

Both motions were discussed orally by counsel for the parties and briefs were filed in support thereof. After duly considering the pleadings, the statements and documents in support and in opposition to the motion for summary judgment, and the briefs filed, the Court is now duly advised in the premises, and

rules that there is no genuine issue as to the following facts:

1. Plaintiff Farnsworth is a corporation organized under the laws of the State of Delaware, having principal offices in the State of New York.

2. Defendant CRUV is a public corporation, organized under the laws of the Commonwealth of Puerto Rico.

3. This Court has jurisdiction under 28 U.S.C. § 1332 because of the diverse citizenship of said parties, and the amount claimed exceeds the jurisdictional amount of $10,000, exclusive of interests and costs.

4. That a contract was executed on November 1, 1961, between R. P. Farnsworth & Co., Inc. and Puerto Rican Urban Renewal and Housing Corporation, as General Contractor and Owner, respectively, for the construction of a housing project at Aguadilla, Puerto Rico identified as Project No. P.R. 3-86.

5. That paragraph fifteen, concerning "Disputes" of the General Conditions that form a part of the said construction contract, reads as follows:

"15(d).—Provided the Contractor has:

(1) given notice of any dispute within the time limit stated in 15(a) above;

(2) presented his dispute to the Contracting Officer;

(3) taken exception in his release from the Contracting Officer's decision; and

(4) brought suit within 120 days after receipt of final payment under this Contract or within six months of a written request by the Corporation that he submit a final voucher and release, which ever time is the lesser; (the term 'final payment', meaning the payment last made by the Corporation with notice to the Contractor that no further amounts are admitted to be due and payable by the Corporation to the Contractor under the contract.)

The Contracting Officer's decision shall not be final and conclusive but the dispute shall be tried in Court on its merits. In the event the above conditions precedent have not been met, the Contractor hereby agrees that his non-compliance with the conditions precedent constitutes a waiver of his right to assert said claim."

6. That on November 2, 1966, José Serrano Anglada, in his capacity as Contracting Officer of CRUV, sent a letter, by certified mail, to Farnsworth, including a check therewith, which letter reads as follows:

"We are enclosing Check No. 7,-104,189 in full payment of Final Periodical Estimate for Partial Payment #25 and Change Order No. 10.

Please be notified that no further amounts are admitted to be due and payable by the Corporation to the Contractor under this contract, as stipulated in General Conditions 15 (d) (4)."

7. That said letter was received by Farnsworth on November 4, 1966.

8. That from the date of receipt of that letter and check by Farnsworth—November 4, 1966—to the date the complaint herein was filed—March 23, 1967 —139 days had elapsed.

This Court is of the opinion that as a matter of law defendant CRUV is entitled to summary judgment dismissing the complaint, on the following findings of law:

■ (a) This Court sits in this matter in the same position and under the very same substantive law that a local court in the Commonwealth of Puerto Rico would. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1968).

■ (b) The provisions of article 1864 of the Civil Code of Puerto Rico (31 L.P.R.A. § 5294) fixing a 15 year term for the exercise of personal actions for which no special prescription term is fixed, is of a suppletory nature, and

can be modified by the parties so long as the clauses and conditions which they deem advisable are not in contravention of law, morals or public order. Clausells v. Commercial Union Assurance Co., 37 P.R.R. 110 (1927); Castle Enterprises v. Registrar, 87 D.P.R. 775 (87 P.R.R. ——) (1963); Borges v. Registrar, 91 D.P.R. 112 (91 P.R.R.) (1964), 12 Manressa, "Comentarios al Código Civil", 937 (1951).

■ (c) The parties in this action contractually agreed on a 120 days period for the judicial assertion by Farnsworth of any and all disputes as to the amount due by CRUV, to commence after receipt of final payment, agreeing further that "In the event the above conditions precedents have not been met, the Contractor hereby agrees that this non-compliance with the conditions precedent constitutes a waiver of his right to assert said claim." This a period of caducity and not prescription. Ortiz Rivera v. Estate of González Martínez, 93 D.P.R. 562 (93 P.R.R. ——) (1966).

■ (d) The mentioned 120 days period being one of caducity, it carries the following consequences:

1. Caducity periods have the effect of extinguishing the right to a cause of action.

2. Its purpose is to determine beforehand a specific amount of time during which a cause of action may be exercised.

3. Caducity periods admit no interruption. Their extinguishing or barring effect is absolute and runs automatically with time.

4. The defense of caducity can be raised by the Court *ex officio judicis*,

5. Once the caducity period has elapsed the cause of action is barred forever.

■ (e) Since the complaint herein was filed after having elapsed said period, the same was barred on the date of filing. Ortiz v. Estate of González Martínez, supra; cf. Jiménez & Salellas Inc.

v. Maryland Casualty Co., 92 D.P.R. 207 (92 P.R.R. ——) (1965).

It follows therefore, that defendants' motion for summary judgment must be granted.