BANCO DE SAN JUAN y ATLANTIC QUALITY CONSTRUCTION CORP., recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, recurrido.

*Número:* O-73-276 *Resuelto:* 20 de febrero de 1975

---

418

*Arturo Aponte Parés,* abogado de los recurrentes; el Registrador recurrido, compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El presidente de una corporación se extralimitó en el uso de un poder a él conferido por la junta de directores para tomar a préstamo la cantidad de $120,000 con garantía hipotecaria de un solar en Hato Rey. Obtuvo del Banco de San Juan $5,000 en exceso de lo acordado por la junta y a nombre de la corporación otorgó una escritura de constitución de hipoteca por $125,000. El Registrador denegó la inscripción y el banco ha recurrido.

La hipoteca es inscribible hasta la cuantía límite del mandato conferido al oficial de la corporación, y con ello no se escinde su integridad.

La integridad de la hipoteca proclamada en el Art. 122 de la Ley Hipotecaria (30 L.P.R.A. sec. 218) tiene más de característica externa formal que de esencia predominante de este tipo de contrato. No es barrera insuperable que paralice la contratación toda vez que opera sobre el inmueble dado en garantía, y no sobre la cuantía del crédito. (Art. 125 Ley Hipotecaria—30 L.P.R.A. sec. 221.) Dicho principio de indivisibilidad tolera la cesión del crédito hipotecario *en todo o en parte* (Art. 152—30 L.P.R.A. sec. 265) y admite la distribución de la responsabilidad hipotecaria entre varias fincas, y aun la división material de una finca en dos o más por convención de acreedor y deudor. Art. 123 (30 L.P.R.A. sec. 219). Esta flexibilidad esquemática responde al propósito fundamental de la Ley de brindar su regimen a la contratación, en

fomento y dispersión de las facilidades de crédito otrora impedidas por complicaciones técnicas y requisitos de forma. (Mensaje del Ministerio de Ultramar sometiendo la Ley Hipotecaria a las Cortes, y ley aprobando la misma.—30 L.P.R.A. prec. sec. 1.) Es a la luz de ese designio legislativo original que ha de interpretarse la vigente Ley Hipotecaria y que habrán de moldearse las futuras modificaciones a nuestro derecho inmobiliario. Concurre Roca en este juicio al declarar: "La indivisibilidad, con todo, no es característica institucional de la hipoteca, sino producto de creación de la ley; por ello admite *pacto en contrario* y sus beneficios pueden ser *renunciados* o no utilizados por el acreedor. Además, no repercute en la esencia de la obligación, pues ésta no se torna indivisible ni solidaria. A diferencia de la indivisibilidad de las servidumbres prediales, en la hipoteca esta característica no es de naturaleza esencial. Es el legislador quien organiza la hipoteca con este carácter mirado exclusivamente al mayor robustecimiento de la garantía del acreedor y en vistas al fomento del crédito territorial. Es una norma establecida a utilidad del acreedor, como si la ley presumiera *iuris tantum* que tal ha sido la voluntad de las partes. Pero éstas pueden constituir la hipoteca en forma contraria a la indivisibilidad, pactando el derecho a exigir la cancelación parcial proporcionalmente al pago fraccionado del crédito. Y aún sin este pacto el acreedor puede consentir un pago parcial con la consiguiente liberación de parte de la hipoteca, pues se trata de una ventaja perfectamente renunciable por no perjudicar al interés público ni a terceros." Roca Sastre, *Derecho Hipotecario*, IV, 1°, págs. 193, 194, Sexta edición (1968).

 El crédito hipotecario objeto de este recurso es inscribible con toda la fuerza de la garantía registral tras aquella parte del préstamo comprendida en la facultad del mandatario para hipotecar. A esta conclusión llegamos porque la hipoteca es un pacto accesorio al principal de préstamo (Arts. 1418 y 1756(1) del Código Civil—31 L.P.R.A. secs. 3943 y

5001); no es derecho independiente con existencia propia, sino que vive al servicio de un crédito. Considerando enteramente válida en la esfera del derecho civil la obligación contraída por el presidente a nombre de su corporación hasta la suma autorizada de $120,000, el Registro debe dar acceso al crédito mediante inscripción limitada que asegure dicha cantidad. Así lo ordena el Art. 140 de la Ley Hipotecaria (30 L.P.R.A. sec. 253) que reconoce la facultad de constituir hipotecas voluntarias en el apoderado con poder especial para contraer este género de obligaciones otorgado ante notario público. Todavía la Ley Hipotecaria es una hija menor, jamás emancipada, del Código Civil. *Arroyo* v. *Zavala*, 40 D.P.R. 269, 272 (1929).

Ya anteriormente hubo una previa intimación de la doctrina aquí enunciada. En el rico acervo de la jurisprudencia patria hallamos un caso en que se sostuvo la inscripción de la hipoteca en su principal de $500 y se denegó en cuanto al crédito de $200 para costas, gastos y honorarios de abogado por no autorizarla el poder bajo el cual se constituyó el crédito. Resolvió este Tribunal entonces, hace sesenta y cinco años, que si el mandato no era suficiente para hipotecar por los $700 acordados en la escritura, debía limitarse la inscripción a los $500 a que alcanzaba la facultad del apoderado. *Fano* v. *El Registrador de la Propiedad*, Del Toro, J., 15 D.P.R. 334 (1909). Se permitió el desglose de la cuantía autorizada, individualizándola y separándola de la cuantía mayor pactada al constituirse la hipoteca por escritura entre acreedor y deudor. En el caso que nos ocupa, como en aquél de los albores de nuestra jurisprudencia, todo se reduce a desglosar $120,000 de los $125,000 e inscribir la hipoteca.

Hemos considerado, en orden a la irrestricta inscripción de esta hipoteca lo dispuesto en el Art. 1606 del Código Civil (31 L.P.R.A. sec. 4427) que no estima traspasados los límites del mandato si fuese cumplido de una manera más ventajosa para el mandante que la señalada por éste.

█ Dicho precepto que es de excepción al Art. 1605 que prohíbe al mandatario traspasar los límites del mandato, no regula la situación registral que nos concierne. El Registrador viene obligado a calificar tanto la legalidad de la escritura de constitución de hipoteca como la capacidad del mandatario presidente de la corporación, *por lo que resulte de la escritura misma.* Art. 18, Ley Hipotecaria (30 L.P.R.A. sec. 43). La determinación de si la extralimitación del apoderado tomando y garantizando con hipoteca $5,000 más que lo autorizado por su mandante redunda en provecho de ésta, es cuestión de hecho sujeta a prueba que ni resulta de la escritura ante el Registrador ni podrá someterse a su juicio, pues los Registradores no son jueces en función de declarar y determinar derechos dudosos o controvertidos. *Nido & Cía.* v. *Registrador,* 74 D.P.R. 789, 799 (1953). "El Registrador al calificar no puede fundarse en lo que no conste en los títulos presentados y en el contenido del Registro, de suerte que, salvo el Derecho aplicable, en funciones de calificación no existen para el Registrador sino éstos dos elementos, y ninguno más." Roca Sastre, *Derecho Hipotecario,* Tomo II, pág. 262, Sexta Ed. 1968.

█ Ordenado por el Art. 1604 del Código Civil (31 L.P.R.A. sec. 4425), que para hipotecar, que es acto de riguroso dominio, se necesita mandato *expreso,* dicho poder debe ser interpretado restrictivamente, sin que haya margen para proposiciones y reflexiones que puedan conducir a la extralimitación del apoderado y adulteración del mandato.

Se dictará sentencia ordenando al Registrador que inscriba la hipoteca sin defecto en cuanto a la suma de $120,000.00.

*La nota del Registrador denegatoria de inscripción será revocada.*

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Martín no intervienen.