FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

NORBERTO MEDINA REALTY CORP., et al., Defendants.

Civ. No. 82–2985 (JAF).

United States District Court, D. Puerto Rico.

April 2, 1986.

---

Ivan Cintrón Campos, San Juan, P.R., for plaintiff.

José L. Gandara, Bausa & Dávila, San Juan, P.R., for Pilar Aliaga Vda. de Moczó & as Adm. of the Estate of Juan B. Moczó, Juan Moczó Aliaga & I. Moczó Aliaga.

Norberto Medina Zurinaga, Sandoval, Quilichini, Oliver, Medina, Salamone & Gorbea, Hato Rey, P.R., for defendant Norberto Medina Realty Corp.

## OPINION AND ORDER

FUSTE, District Judge.

There is pending decision a motion for summary judgment filed by codefendants María del Pilar Aliaga Vda. de Moczó, Juan B. Moczó Aliaga, and Isabel Moczó Aliaga (the Estate of Moczó), filed March 12, 1985, and the opposition thereto, of June 5, 1985. The incident is related to this Court's granting of a previous motion for summary judgment on behalf of the original debtor Norberto Medina Realty Corp. (Medina).

On January 9, 1985, this Court, the Hon. Héctor M. Laffitte presiding, approved a magistrate's *unopposed* Report and Recommendation to dismiss the complaint as to the original debtor, Medina. Judgment against the Federal Deposit Insurance Corporation (FDIC) was entered. No appeal was taken. The adopted magistrate's Report and Recommendation establishes clearly that FDIC's action was time barred, inasmuch as it intended to collect on a commercial or mercantile promissory note secured by a mortgage. The Court reasoned that the time-for-suit provisions of the Commerce Code of Puerto Rico were of application. Both parties were merchants. Commerce Code, secs. 1 and 2, 10 L.P.R.A. Secs. 1001–1002. Under section 946 of said Code, 10 L.P.R.A. Sec. 1908, a caducity, three-year period extinguished the cause of action for the collection of moneys under the promissory note dated September 6, 1968.[1]

When faced with the original summary judgment, FDIC accepted its fate and resorted to sue the Estate of Moczó.[2] It claimed that the Estate of Moczó had revived the cause of action by their voluntary act of listing for tax purposes the potential debt as a liability of the Estate of Juan B. Moczó, who died on March 31, 1976. To that effect, FDIC cites *Federal Deposit Insurance Corp. v. Cardona*, 723 F.2d 132 (1st Cir.1983), where in a Civil Code (not Commercial Code) context, it was held that such an effective acknowledgement of the debt started the running of the Puerto Rico statute of limitations on the debt anew.[3]

---

1. Neither the parties nor the magistrate have pointed out that we are faced with a civil law caducity term as distinguished from a prescription term. The time-for-suit provisions contained in the Commerce Code are caducity terms. A caducity is similar to a statutory time-for-suit provision. Section 939 of the Code, 10 L.P.R.A. Sec. 1901, is clear as to the fact that the time-for-suit provisions fixed in the Code for bringing the actions arising from commercial contracts cannot be extended and are without recourse. The lapse of time extinguishes the cause of action. The cause of action under the promissory note became extinguished three years after the date of maturity (September 5, 1971), that is, on September 5, 1974. *See R.P. Farnsworth v. CRUV*, 289 F.Supp. 666, 669 (D.P.

R.1968); *Fireman's Insurance Co. of Newark v. Gulf-Puerto Rico Lines*, 349 F.Supp. 952, 957 (D.P.R.1972). *See also Luvi Trucking v. Sea-Land Service, Inc.*, 650 F.2d 371, 374 n. 4 (1st Cir.1981).

2. Juan B. Moczó had entered into commercial transactions with Medina and had assumed the payment of the obligation as an additional debtor.

3. *See FDIC v. Cardona*, 723 F.2d at 136. There, the Court of Appeals states: "(F)or these reasons, we believe it doubtful that defendants are entitled to the bar of the three-year statute of limitations. Instead, we think that the Cardona

We do not agree with FDIC's contention. We are prepared to enter summary judgment dismissing the complaint and to that effect we find the following uncontroverted facts.

On September 6, 1968, Medina executed and delivered a promissory note to Banco Crédito y Ahorro Ponceño (the Bank) in the sum of $79,000, with interest and principal payable in three yearly installments, the last of which was due on September 5, 1971. To secure the note, Medina mortgaged six properties and the mortgage guarantee was given to the Bank. The mortgage was an accessorial obligation to the one executed through the note. The mortgage had no life of its own apart from the principal obligation. *See* sections 1756 and 1757 of the Civil Code, 31 L.P.R.A. Secs. 5001 and 5002. On July 17, 1969, Medina sold the mortgaged properties to the late Juan B. Moczó. The buyer agreed to pay at maturity the principal obligation secured by the mortgages. No consent to this agreement was secured from the Bank. Although Moczó made several payments on the note to the Bank prior to its September 5, 1971 maturity date, no additional requests or claims were made by the Bank or FDIC until eleven years later, that is, 1982. The properties over which the Bank held mortgages as security for the promissory note were sold at public auction after foreclosure proceedings were initiated by a preferential lienholder. As stated before, in January, 1985, Judge Laffitte entered judgment. The promissory note was deemed to be commercial or mercantile in character and, thus, subject to the caducity dispositions on time for suit contained in the Commerce Code.[4]

■ We have carefully reviewed this record and are of the opinion that FDIC's cause of action against the Estate of Moczó is time barred by section 946 of the Commerce Code, 10 L.P.R.A. Sec. 1908. The cause of action was extinguished in September 5, 1974. Nothing thereafter altered the nonexistence of such cause of action, all because of the applicability of principles of civil law caducity mentioned before. This mercantile or commercial transaction continued to be of such character until it was extinguished. The fact that Moczó assumed the obligation and the estate succeeded Moczó does not change that legal reality. *San Miguel, González & Valiente & Co. v. Guevara,* 64 P.R.R. 917 (1945), *aff'd* 156 F.2d 742 (1st Cir.1946); *Teachers Annuity and Retirement System v. Candelario,* —— D.P.R. ——, 84 J.T.S. 31 (April 25, 1984).

■ Plaintiff FDIC now claims that its involvement as a liquidator of an insolvent banking institution brings into play the six-year statute of limitations contained in 28 U.S.C. Sec. 2415. Although *FDIC v. Cardona* may be authority to that effect under certain circumstances, here, contrary to that case, at the time FDIC came into the picture the cause of action was extinguished. Even if we were dealing with a personal Civil Code prescriptive term as in *FDIC v. Cardona,* the tolling of the statute of limitations to bring into play 28 U.S.C. Sec. 2415 must occur before the action effectively becomes time barred. Section 1873 of the Civil Code, 31 L.P.R.A. Sec. 5303, is of no application to the case at bar. We are not faced with a personal obligation. The authority of *FDIC v. Cardona* and *FDIC v. Barrera,* 595 F.Supp. 894 (D.P.R.1984), as they relate to civil law personal transactions, is of no application to our case.

■ Plaintiff's novel allegation that a twenty-year statute of limitations applicable to foreclosure of mortgages comes into play here is without merit. If the principal obligation is extinguished and the mortgages were cancelled by the foreclosure of a preferential lien, then the accessorial mort-

---

notes were subject to the fifteen-year statute of limitations applicable to private loans...."

4. FDIC's position is difficult. It seems bound by Judge Laffitte's final ruling characterizing the obligation as one subject to Commerce Code and not Civil Code dispositions.

gage obligation fell.[5] The Civil Code principles on this issue are quite clear. Civil Code, sections 1756–1761 and 1733–1780, 31 L.P.R.A. Secs. 5001–5006 and 5041–5048.

Summary judgment DISMISSING the complaint against the Estate of Moczó shall be entered accordingly.

IT IS SO ORDERED.

---

**5.** The twenty-year prescriptive period contained in section 134 of the Mortgage Law of 1893, 30 L.P.R.A. Sec. 230, in full force and effect at the time of the occurrence of the facts material to this suit, has to be seen in its historical context. There is a similar disposition in article 1864 of the Civil Code, 31 L.P.R.A. Sec. 5294. Diez Picazo, *"La Prescripción en el Código Civil"* 170–176 (Editorial Bosch, Barcelona, 1964). The Spanish commentators to the Civil Code and the Spanish Mortgage Law seem to agree that as between debtor and creditor, once the principal obligation is time barred, the potential action under the mortgage becomes thwarted and limited. At the most, the mortgage action would only allow the creditor to pursue the mortgaged property. Here, the mortgaged property was the object of foreclosure and is not available for further disposition. Therefore, the argument made by plaintiff is of no practical consequence.