### In the Matter of
### BESENBRUCH–HOFFMAN
### OF PUERTO RICO, INC.

Civ. Nos. 83–1231 (JAF), 83–1232 (JAF).

United States District Court,
D. Puerto Rico.

Jan. 20, 1987.

Claudio D. Ballester, José B. Díaz Asencio, Bufete, Vicente, Zayas, Puig, San Juan, P.R., for petitioner.

F.J. Pérez Almiroty, San Juan, P.R., for creditor's committee.

Patrick Duffy O'Neill, Colorado, Martinez, O'Dell, Calabria & Sierra, San Juan, P.R., for Interstate Steel de P.R.

## OPINION AND ORDER

FUSTE, District Judge.

This is a bankruptcy appeal filed by Banco Popular de Puerto Rico (Appellant) challenging two final and dispositive orders of the bankruptcy court. The same are reviewable on appeal. 28 U.S.C. sec. 157 (1984). The issue before us is whether certain equipment, an electric substation erected to service a building, is subject to a mortgage encumbering the parcel of land where the building and the substation are located.

Appellant argues that under the terms of mortgage deeds Number 27 and 167, executed on April 18, 1975 and August 30, 1978, before Notaries Vicente Zayas Puig and Mario Oscar García Quintero, respectively, and under the express provisions[1] of the Mortgage Law of Puerto Rico of 1893, 30 L.P.R.A. secs. 1–777, in force at the time of execution of the mortgage deed, a lien was constituted over all the chattel property located within the mortgaged land.[2] Debtor Besenbruch-Hoffman

---

1. Art. 111 of the Mortgage Law, 1893, 30 L.P.R.A. sec. 207

    Specific matters:-In accordance with the provisions of the preceding section, the following shall be considered to have been mortgaged jointly with the estate, even though not mentioned in the contract, provided they belong to the owner thereof:

    1–Movable objects permanently attached to a building, either for its adornment or purposes of comfort, or for the service of some industry, even though it shall have been attached after the mortgage was constituted.

2. The Mortgage Law of 1893 was in effect in Cuba, Puerto Rico, and The Philippines since 1893. After the Spanish-American War, 1898, the law continued to be in effect along with the Spanish Civil Code and Commercial Code. In 1979, a new Mortgage Law, 30 L.P.R.A. secs. 2001–4003, became effective.

of Puerto Rico, Inc. has filed a brief in opposition, followed by the third-party purchaser of the equipment, Interstate Steel of Puerto Rico, Inc. The creditors' committee and debtor's estate have also opposed. In essence, the opposing parties argue that the electrical substation is not encumbered and, thus, is not liable to execution of mortgage.

The threshold matter is to determine whether the mortgages were intended to cover, and indeed covered, the equipment located on the parcel of land.[3] Even though the parties have failed to advise the court as to the nature and use of the building of debtor Besenbruch-Hoffman of Puerto Rico, Inc., we proceed to decide this long-standing controversy.

As stated, the equipment here in question is an electric substation. The bankruptcy court held that the substation was a movable object which, under the Mortgage Law of 1893, 30 L.P.R.A. sec. 207, or the Mortgage Law of 1979, 30 L.P.R.A. sec. 1083, and the Civil Code of Puerto Rico (1930), 31 L.P.R.A. secs. 1021–1068, is not subject to the mortgage deed encumbering the building and the tract of land. In this respect, the bankruptcy court made the following finding of fact:

> The evidence indicates this electrical substation is not located within the building covered by the bank's mortgage, but is located on a concrete slab some 10 or 12 feet from the building, fastened to the slab with bolts, removable as a unit, and connected to the building only by the

cables which carry the current from the sub-station to the switch boxes within the building.

Bankruptcy Court Order, B–79–00444(B), Aug. 5, 1982 (Beckerleg, J.).[4]

As stated before, this case is governed by the Mortgage Law of 1893 and the Civil Code. The rule of law is that mortgage contracts are to be specific, since they do not constitute an independent fountain of obligations, but rather "[they] live[ ] to service a credit."[5] *Banco de San Juan v. Registrador*, 103 D.P.R. 417, 421 (1975).

Article 111 of the Mortgage Law (1893), 30 L.P.R.A. sec. 207, clearly establishes that the mortgage over a parcel of land will cover chattel property even if not literally specified in the mortgage deed if the chattel is used for the service of an industry.[6] Here, the electric substation was connected to the building for a use related to the operation of a business. Therefore, appellant is correct in its argument that the property is subject to the lien.

In light of the above discussion, the bankruptcy court orders of August 2, 1982 and August 16, 1982 are VACATED and the case is REMANDED for further proceedings consonant with this opinion.

IT IS SO ORDERED.

---

**3.** Both mortgage deeds stipulate that the mortgagor executes, creates and constitutes a voluntary first and prior mortgage in favor of the original holder of the mortgage note on the parcel of land mentioned therein, and all the right, title and interest of mortgagor in and to the buildings, structures, installations, facilities and other improvements, existing or thereafter constructed or located on the mortgaged land and all other property immovable (real estate) either by nature or by destination owned or thereafter acquired by mortgagor and located at that time or thereafter on the mortgaged land or on any such buildings, structures, installations, facilities or other improvements.

**4.** The instant matter is classified as a core proceeding issue, since it relates directly with the

administration of the estate. Therefore, the bankruptcy court's findings of fact are to be respected unless clearly erroneous. *See* 28 U.S.C. sec. 157; Bankr.R. 8013; *In re Corporación de Servicios Médicos Hospitalarios*, 60 Bankr. 920, 930 (D.P.R.), *aff'd.* 805 F.2d 440 (1st Cir.1986).

**5.** The Civil Code defines a mortgage as a "derecho real accesorio." *See* art. 1756, Civil Code (1930), 31 L.P.R.A. sec. 5001, and *Federal Deposit Ins. v. Norberto Medina Realty*, 633 F.Supp. 24, 27 n. 5 (D.P.R.1986).

**6.** This section was substantially amended in the Mortgage Law of 1979.